UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

LENARD A. FOOTLAND,
                    *Plaintiff-Appellant,*

            v.

WILLIAM M. DALEY,
                    *Defendant-Appellee,*

            and

Q. TODD DICKENSON, Assistant
Secretary of Commerce and
Commissioner of Patents and
Trademarks, United States Patent
and Trademark Office; BRUCE H.
STONER, JR., Chief Administrative
Patent Judge, Board of Patent
Appeals and Interferences, United
States Patent and Trademark Office;
WILLIAM JEFFERSON CLINTON,
President of the United States,
                    *Defendants.*

No. 00-1571

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-99-1360-A)

Submitted: September 29, 2000

Decided: October 23, 2000

Before WILLIAMS, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Lenard A. Footland, Appellant Pro Se. Rachel Celia Ballow, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Lenard Footland appeals the district court's order granting summary judgment for William M. Daley, Secretary of Commerce, in his gender and race discrimination action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 1994 & Supp. 2000). Upon de novo review, we affirm.

Footland is a Caucasian male who unsuccessfully sought the position of Administrative Patent Judge ("APJ") with the United States Patent and Trademark Office Board of Patent Appeals and Interferences ("PTO"). Footland alleges the PTO hired a less qualified African-American female for the position, in violation of Title VII. The district court determined that Footland failed to establish a prima facie case of gender or race discrimination and that, moreover, Footland did not show that the PTO's reason for hiring the African-American female was pretextual.

We review an award of summary judgment de novo. *See Higgins v. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only if there are no material facts in dispute and the moving party is entitled to judgment as a matter of

law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). This court must view the evidence in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

In a case where an employment position is filled in an allegedly discriminatory manner, a plaintiff must ultimately show that he or she was subject to an adverse employment action that was more likely than not motivated by plaintiff's gender or race. *See Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 959-60 (4th Cir. 1996). A plaintiff raises an inference of reverse discrimination when he proves the following: (1) he belongs to a protected class; (2) he applied for and was qualified for a job; (3) he was rejected for the job; and (4) he was rejected under circumstances giving rise to an inference of unlawful discrimination. *See id.* If the plaintiff succeeds in showing a prima facie case, the burden shifts to the defendant to show a legitimate, nondiscriminatory reason for the challenged decision. *See Page v. Bolger*, 645 F.2d 227, 230-31 (4th Cir. 1981). If the defendant carries this burden, the plaintiff ordinarily must show the proffered reasons were a pretext for discrimination. *See Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 256 (1981). The plaintiff may establish pretext by demonstrating that "the employer's proffered explanation is unworthy of credence," and the trier of fact, in evaluating whether such explanation is pretextual, may consider "the evidence establishing the plaintiff's prima facie case 'and inferences properly drawn therefrom[.]'" *Reeves v. Sanderson Plumbing Products, Inc.*, 120 S.Ct. 2097, 206 (2000), *quoting Burdine*, 450 U.S. at 255-56.

Footland failed to establish a prima facie case because he failed to show that the circumstances surrounding selection of the mechanical APJ positions gave rise to an inference of unlawful discrimination. The PTO's evaluation panel ranked each candidate based upon experience, education, writing ability, supervisory appraisal, and special recognition. The African-American female ranked higher than Footland, as did four other white males. Thus, Footland did not even receive a ranking that placed him in the category of applicants who received interviews. Contrary to Footland's allegations, there is no evidence suggesting the mechanical APJ was selected based on a diversity policy favoring the hiring and/or promotion of minority

females over white males. Thus, we find summary judgment was appropriately granted for the PTO on Footland's claim of race and gender discrimination.

Because Footland raises for the first time on appeal his claim that the district court abused its discretion by conducting the hearing on the PTO's motion for summary judgment and rendering its decision on the same day Footland received a supplemental discovery response from the PTO, we review this claim for plain error. *See United States v. Olano*, 507 U.S. 725, 732 (1993). To establish plain error, Footland must show: (1) there was an error; (2) the error was plain or clear under current law; (3) the error affected substantial rights so as to prejudice him; and (4) the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *Id.* at 732. We find no prejudice resulted from the district court's ruling on the PTO's motion for summary judgment on the day Footland received a supplemental discovery response. Footland did not object to going forward with the hearing, and the discovery document, Kunin's Performance Appraisal, did not contain evidence that would have precluded the grant of summary judgment. Therefore, Footland fails to show he was prejudiced by the district court's ruling.

Accordingly, we affirm the award of summary judgment in favor of the Appellee. We deny Footland's motion to strike the Appellee's informal brief because the brief was served in accordance with 4th Cir. R. 25(d). We dispense with oral argument because the facts and legal issues are adequately presented in the materials before the court and argument would not significantly aid the decision process.

*AFFIRMED*